STERNBERG *v.* STATE BAR OF MICHIGAN

1. ATTORNEY AND CLIENT—DISBARMENT—CONSTITUTIONAL LAW—DIS-
    CIPLINARY HEARING.
    An attorney cannot be disbarred on the basis of his refusal to
    testify, on Fifth Amendment grounds, at a disciplinary hearing
    (US Const, Am 5).

2. ATTORNEY AND CLIENT—SUSPENSION AND DISBARMENT—STAY OF
    PROCEEDINGS—CONSTITUTIONAL LAW—SELF-INCRIMINATION—CRIM-
    INAL LAW.
    The protection against self-incrimination has not been extend-
    ed so far as to require that discipline proceedings be stayed
    where an attorney, charged with embezzlement in which three
    of the criminal counts corresponded to charges in the dis-
    cipline proceedings, claimed that, if he testified in the dis-
    cipline proceedings, such testimony could be used against
    him in the criminal proceedings but, if he did not testify,
    the evidence against him would probably result in a finding
    against him and thus, to continue with the grievance hearing
    would likely result in discipline, unless he waived his right
    against self-incrimination and testified (US Const, Am 5).

3. ATTORNEY AND CLIENT—SUSPENSION AND DISBARMENT—APPEAL
    AND ERROR—COURTS.
    Michigan State Bar disciplinary procedures which provided
    for review and enforcement of Grievance Committee dis-
    ciplinary recommendations against an attorney by the circuit
    courts have been changed to provide a right of appeal from
    a decision of the State Bar Grievance Board to the Michigan
    Supreme Court and, under this procedure, there is no role
    for the circuit courts or for the Michigan Court of Appeals
    (State Bar Rule 15).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  7 Am Jur 2d, Attorneys at Law § 68.
[3]  4 Am Jur 2d, Appeal and Error § 171.

Appeal from Ingham, Archie D. McDonald, J., and from Court of Appeals prior to decision. Submitted March 4, 1971. (No. 42 January Term 1971, Docket No. 52,728.) Decided April 5, 1971.

Complaint by Mervyn H. Sternberg against the State Bar of Michigan and Ralph R. Goldsmith for a stay of proceedings before a Grievance Committee of the State Bar of Michigan until disposition of criminal charges arising out of the subject matter of the grievance proceedings. Order issued staying completion of grievance proceedings. Defendants' motion to amend or dissolve order denied. Defendants appealed to the Court of Appeals. Leave to appeal to the Supreme Court granted prior to decision by the Court of Appeals. Reversed and injunction vacated.

*Robert W. Luoma* and *Konrad D. Kohl,* for plaintiff.

*Richard H. Senter,* State Bar Grievance Administrator, and *Eugene N. LaBelle,* Assistant Counsel, (*Foster, Lindemer, Swift & Collins,* of counsel), for defendants.

PER CURIAM. On September 5, 1969, the State Grievance Administrator of the State Bar filed a formal complaint charging plaintiff Sternberg with 13 counts of embezzlement from clients which, if true, constitute professional misconduct and warrant disciplinary action. Formal hearing was set for November 10, 1969.

On October 27, 1969, Sternberg was informed by members of the Attorney General's staff he would be criminally prosecuted for embezzlement. Plaintiff thereupon requested adjournment of the Griev-

ance Committee's formal hearing. His request was denied. He filed this complaint in Ingham County Circuit Court seeking a stay of the grievance proceeding. On November 3, 1969, an ex parte temporary restraining order was issued. Four days later the restraining order was modified to permit the State Bar to present its case against Sternberg at the grievance hearing. The modified order provided for a stay of the remainder of the grievance hearing until final disposition by a trial court of any criminal charges against Sternberg arising out of the subject matter of the grievance proceeding.

On November 12, 1969, the Attorney General filed a criminal complaint in the Recorder's Court of Detroit charging Sternberg with six counts of embezzlement. Three of the six criminal counts correspond to charges in the State Bar complaint.

On December 11, 1969, the State Bar moved to dissolve or amend the order of November 7, 1969, to permit the grievance hearing to continue or to suspend Sternberg from the practice of law until the hearing could be completed. On February 6, 1970, the trial judge entered an order denying this motion. The State Bar appealed to the Court of Appeals and also applied to this Court for leave to bypass the Court of Appeals. We granted leave (383 Mich 776).

On March 1, 1971, Sternberg's attorney filed a motion to dismiss the appeal for the reason that on February 10, 1971, "a jury returned a verdict of guilty to the charge of embezzling funds of one Clearence Lowell [sic] in the value of more than $100.00 contrary to M.S.A. 28.371, which offense is a felony; * * * that on or about the 12th day of February, 1971 an order of suspension was entered by the state bar grievance board of the Michigan State Bar Association; * * * that

Mervyn H. Sternberg, appellee, does not intend to appeal the aforesaid criminal conviction; * * * that appellant may now proceed with any further hearings or procedures which it feels necessary in this matter."

The motion was noticed for March 4, 1971, at which time the case was also set for oral argument before this Court. The motion was denied. We consider the case on the merits because of the importance of the legal and procedural questions it presents.

The injunction staying the State Bar grievance proceeding was based on the theory that Sternberg's Fifth Amendment right against self-incrimination would be infringed by conducting such a hearing while criminal charges based on some of the same issues were pending against him.

Plaintiff claimed that if the injunction was dissolved, he would be compelled to testify in the grievance hearing to avoid disbarment. In *Spevack v. Klein* (1967), 385 US 511 (87 S Ct 625, 17 L Ed 2d 574), the Court held that an attorney cannot be disbarred on the basis of his refusal to testify, on Fifth Amendment grounds, at a disciplinary hearing. Sternberg could not be disbarred solely because he refused to testify at the grievance hearing. However, it was his claim that if he testified, such testimony could be used against him in the criminal proceeding and that, if he did not testify, the evidence against him would probably result in a finding against him. Thus, continuing the grievance hearing would likely result in discipline, unless he waived his right against self-incrimination and testified. No case has extended the protection against self-incrimination this far though. The Third Circuit in a situation almost identical to this one affirmed a District Court refusal to enjoin a New Jersey Bar

discipline proceeding where plaintiff was also under indictment on similar criminal charges. *De Vita* v. *Sills* (CA3, 1970), 422 F2d 1172. In that case, the Court said (pp 1177, 1178):

"There is nothing in the rules or the court order from which we can conclude that the plaintiff's failure to testify will be held a ground for disbarment or forfeiture of office.

\* \* \*

"But, says the plaintiff, I will nevertheless be put to a difficult choice, and the Fifth Amendment should be so construed that one is not faced with the compulsion to add his own possibly affirmative good impression to weight of evidence in the disciplinary hearing before the criminal trial.

"This argument proves too much, for it applies with equal force to every situation where civil and criminal proceedings may arise out of the same factual pattern. If, for example, the charge against an attorney was embezzlement of a client's funds, acceptance of plaintiff's position would require that the wrong client await the completion of a criminal trial before he sought a civil recovery, because of the possible compulsion of the risk of a judgment. The same would be true of every defendant in a wrongful death action; of many taxpayers; of most antitrust defendants. \* \* \*

"No authority has come to our attention for so broad a reading of the Fifth Amendment, and the countervailing possibilities of prejudice to civil litigants militates against any such extension of constitutional doctrine."

In this appeal, no question as to the jurisdiction of the circuit court was raised. It should be noted, however, that since this action was commenced the State Bar disciplinary rules have been changed to eliminate involvement by any court other than this one in disciplinary matters. At the time this action

was commenced, the State Bar disciplinary procedures provided for review and enforcement of Grievance Committee disciplinary recommendations by the circuit courts (State Bar Rule 15, §§ 14, 15, 16).

The revision of Rule 15 adopted by this Court on January 8, 1970, streamlines the State Bar disciplinary procedure and eliminates the role of circuit courts in such matters. The new rule establishes a State Bar Grievance Board of seven members. The Grievance Board appoints hearing panels of three referees to hold hearings upon complaints against members of the Bar and to make the initial determination. Procedural and administrative rules of the State Bar Grievance Board were adopted by this Court on May 7, 1970, and ordered effective retroactively as of March 1, 1970. Grievance Board Rules 15.14 and 15.15 provide for review of hearing panel determinations by the Grievance Board in a manner similar to review by circuit courts under the old rule.*

Under the new State Bar disciplinary procedure, there is no role for the circuit courts or for the Court of Appeals. The change was made to provide for speedy and just determination of misconduct charges against members of the Bar and to eliminate procedural tie-ups. Such delays allow attorneys

---

* 15.14. "Either the Administrator, the complainant or the respondent may in writing petition the Board for review of the order of the Hearing Panel within twenty days after service of the order. The Board shall then issue an order to show cause, at a time and place specified, why the order of the Hearing Panel should not be confirmed. * * * ."

15.15. "After hearing on the order to show cause, the Board shall confirm, amend, reverse or nullify the order of the Hearing Panel in whole or in part or order other discipline. The Board shall file and serve its order on review the same as set forth for orders of Hearing Panels."

State Bar Rule 15 provides further that:

"Any party aggrieved by a final decision of the State Bar Grievance Board shall have a right to appeal such decision to the Supreme Court."

guilty of misconduct to continue to hold positions of public trust as confidential counsellors and officers of the court. On the other hand, complicated time-consuming procedures may create an aura of wrongdoing over an innocent attorney wrongly charged. The interests of the public and the Bar are best served by a speedy determination of misconduct charges.

The Circuit Court is reversed and the injunction is vacated. Costs to appellant.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.