KAMBLY v DEPARTMENT OF LICENSING & REGULATION

Docket No. 78-3347. Submitted June 19, 1979, at Lansing.—Decided October 18, 1979.

The Attorney General's office filed a complaint with the Medical Practice Board against Arnold H. Kambly, M.D., alleging that Kambly, a psychiatrist, had violated the Medical Practice Act by acting immorally and unprofessionally by having had sexual intercourse with one of his patients. That patient commenced a civil action in Washtenaw Circuit Court based on these same allegations. Kambly moved to have the administrative proceedings stayed pending the resolution of the civil action on the grounds that he would otherwise be forced to disclose his trial defense at the public administrative hearing. The motion was denied by the Medical Practice Board examiner. Kambly petitioned the Washtenaw Circuit Court seeking to enjoin the Medical Practice Board proceeding. Injunction denied, Patrick J. Conlin, J. Kambly appeals. He then moved the circuit court to stay proceedings pending appeal, which motion was denied. He made the same motion in the Court of Appeals and was again denied relief. *Held:*

The circuit court did not abuse its discretion in denying plaintiff's motion for injunctive relief. The interests of the public would best be promoted by an expeditious handling of plaintiff's misconduct hearing. Dr. Kambly's allegations that he would be irreparably harmed and that the interests to the public would be miniscule in comparison are unfounded.

Affirmed.

PHYSICIANS AND SURGEONS — ADMINISTRATIVE LAW — MISCONDUCT — MEDICAL PRACTICE ACT — MEDICAL PRACTICE BOARD — STATUTES.

An administrative misconduct hearing by the Medical Practice Board to determine whether a physician has violated the Medical Practice Act should not be held in abeyance while a civil action on the same charge is pending in circuit court because the interests of the public would best be promoted by

REFERENCE FOR POINTS IN HEADNOTE
61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 74, 76.

an expeditious handling of the misconduct complaint at the administrative level (MCL 338.1801 *et seq.;* MSA 14.521[1] *et seq.).*

*Crippen, Urquhart & Cmejrek,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gary L. Finkbeiner,* Assistant Attorney General, for defendant.

Before: CYNAR, P.J., and MacKENZIE and L. W. CORKIN,* JJ.

PER CURIAM. On September 27, 1977, the Attorney General's office filed an administrative complaint with the Medical Practice Board, alleging that Arnold H. Kambly (hereafter petitioner), a psychiatrist, violated the Medical Practice Act, MCL 338.1801 *et seq.;* MSA 14.542(1) *et seq.,* by departing from or failing to conform to minimal standards of acceptable and prevailing medical practice and conducting himself immorally and unprofessionally in the treatment of one of his patients, Bettina Cotton. Based on these same allegations, Cotton is pursuing a civil action in Washtenaw County Circuit Court, charging that petitioner, while treating her therapeutically for various emotional and mental problems, had engaged in sexual intercourse with her. On May 17, 1978, before the Medical Practice Board, petitioner moved to have the administrative proceedings stayed pending the resolution of the civil action, on the grounds that he would otherwise be forced to disclose his trial defense at the public administrative hearing. The motion was denied by the Medical Practice Board hearing examiner.

Petitioner appealed to the circuit court, which

---

* Circuit judge, sitting on the Court of Appeals by assignment.

affirmed the Medical Practice Board. Petitioner appealed to this Court. With the administrative hearing scheduled prior to any disposition in this Court, petitioner moved the circuit court for an injunction pending appeal, which was denied. Petitioner then filed a motion for a stay of proceedings along with a motion for immediate consideration with this Court. In a January 8, 1979, order, this Court granted petitioner's motion for immediate consideration, but denied his motion for a stay of proceedings for a lack of merit on the grounds presented.

Petitioner argues that the circuit court abused its discretion in denying his motion for injunctive relief, in that it relied on a case wholly inapposite to the instant case in coming to its conclusion, and it did not balance the equities properly in light of the facts and circumstances of the instant case.

We find petitioner's claim to be without merit. The circuit court did not abuse its discretion in denying his motion for injunctive relief. It properly applied the underlying rationale of *Sternberg v State Bar of Michigan,* 384 Mich 588; 185 NW2d 395 (1971), in finding that the interests of the public would best be promoted by an expeditious handling of petitioner's misconduct hearing. Further, petitioner's allegations that he would be irreparably harmed and that the interests to the public would be miniscule in comparison are unfounded.

Affirmed.