GRIEVANCE ADMINISTRATOR, ATTORNEY GRIEVANCE
COMMISSION v OEMING

Docket No. 83802. Submitted February 12, 1986, at Lansing. Decided
    March 26, 1986. Leave to appeal denied, 426 Mich 859.

The Attorney Discipline Board suspended Roger J. Oeming's
    license to practice law for 121 days. Both the Grievance Admin-
    istrator of the Attorney Grievance Commission and Oeming
    filed applications for leave to appeal to the Supreme Court. The
    Court denied their applications. *Grievance Administrator v
    Oeming,* 419 Mich 1205 (1984). Oeming then filed an appeal in
    the Saginaw Circuit Court seeking a review of the order of
    discipline and a stay of the suspension of his license to practice
    law. The grievance administrator moved for accelerated judg-
    ment contending that the circuit court lacked subject-matter
    jurisdiction. The circuit court, Hazen R. Armstrong, J., granted
    accelerated judgment in favor of the grievance administrator
    and denied Oeming's request for a stay. Oeming appealed.
    *Held:*

    The circuit court properly granted accelerated judgment for
    lack of subject-matter jurisdiction. Under the State Bar discipli-
    nary procedure, there is no role for the circuit courts or for the
    Court of Appeals.

    Affirmed.

ATTORNEY AND CLIENT — SUSPENSION AND DISBARMENT — APPEAL —
    COURTS.

Michigan State Bar disciplinary procedures provide a right of
    appeal from a decision of the State Bar Grievance Board to the
    Supreme Court; under this procedure, there is no role, and
    therefore no subject-matter jurisdiction, for the circuit courts or
    for the Court of Appeals.

*John F. VanBolt,* for petitioner.

REFERENCES

Am Jur 2d, Attorneys at Law §§ 25 *et seq.*

Appealability of state court's order granting or denying motion to
    disqualify attorney. 5 ALR4th 1251.

See also the annotations in the ALR3d/4th Quick Index under
    Attorneys.

*Roger J. Oeming, in propria persona,* for respondent.

Before: R. B. Burns, P.J., and Bronson and J. C. Timms,* JJ.

Per Curiam. Respondent appeals from an order of the Saginaw Circuit Court granting accelerated judgment in favor of petitioner pursuant to GCR 1963, 116.1(2), now MCR 2.116(C)(4), for lack of subject-matter jurisdiction. We affirm.

On March 13, 1984, an order was entered by the Attorney Discipline Board suspending respondent's license to practice law in the State of Michigan for 121 days. Both petitioner and respondent then filed applications for leave to appeal to the Michigan Supreme Court within twenty days after that order was entered. The applications and motions for reconsideration were denied by the Supreme Court. *Grievance Administrator v Oeming,* 419 Mich 1205 (1984).

Respondent filed a claim of appeal in the Saginaw Circuit Court seeking a review of the order of discipline. He also sought an order staying the suspension of his license to practice law.

Petitioner then filed a motion to dismiss and a motion for accelerated judgment pursuant to GCR 1963, 116.1(2), now MCR 2.116(C)(4), alleging that the circuit court lacked subject-matter jurisdiction over the disciplining of attorneys licensed to practice law in the State of Michigan. The circuit judge granted petitioner's motion for accelerated judgment and denied respondent's request for an order staying the suspension of his license.

In *Sternberg v State Bar of Michigan,* 384 Mich 588, 593; 185 NW2d 395 (1971), the Court stated:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Under the new State Bar disciplinary procedure, there is no role for the circuit courts or for the Court of Appeals.

Affirmed.