**Jimmie D. CLARK, Appellant,**

v.

**WENTZVILLE R–IV SCHOOL DISTRICT, Respondent.**

No. 62200.

Missouri Court of Appeals, Eastern District, Division One.

March 2, 1993.

Darold E. Crotzer, Jr., Charles L. Ford, Clayton, for appellant.

Thomas A. Mickes, Melanie Gurley, St. Louis, for respondent.

CRIST, Judge.

Appellant (Teacher) appeals from a judgment of the circuit court affirming the administrative decision of the Wentzville Board of Education (Board) to terminate Teacher's employment. We affirm.

Teacher was accused of immoral conduct. The alleged conduct occurred on school property at various times beginning January 12, 1990, and ending May 17, 1990. On September 20, 1990, a St. Charles prosecuting attorney charged Teacher with a crime related to his conduct as a teacher. This criminal proceeding was pending at the time of the August 29, 1991 administrative hearing.

■ The only issue is whether the Board erred in denying Teacher's request for continuance. Teacher asserts (1) his constitutional rights were violated by the denial of his oral request for a continuance while the criminal charges were pending, and (2) the trial court improperly found Teacher had waived his right to a continuance by his agreement regarding the August 29, 1991 hearing.

On July 15, 1991, Teacher was charged by the school. The hearing before the Board was set for August 8, 1991. At Teacher's request the hearing was reset for August 20, 1991. On August 19, 1991, Teacher requested another continuance. He was granted a continuance until August 29, 1991, on condition the hearing would be tried to conclusion on August 29, 1991, in accordance with a written agreement signed by Teacher's lawyer.

On August 29, 1991, the parties and their lawyers appeared for the hearing. Teacher orally requested a continuance because the criminal charges against him were still pending. This request was denied. Evidence of Teacher's misconduct was presented and recorded. Teacher did not testify, call witnesses, or participate in the hearing, although he was present at the hearing with his lawyer.

The Board properly denied the request for continuance. In *Lang v. Lee*, 639 S.W.2d 111 (Mo.App.1982), a teacher was charged with immoral conduct. The teacher refused to testify at the termination hearing for fear his testimony might be used in a pending criminal proceeding. The court held a school board's denial of a teacher's request for a continuance of termination proceedings pending resolution of criminal charges did not violate the teach-

er's due process rights. *Id.* 639 S.W.2d at 114[1] *citing United States v. Kordel*, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); *Arthurs v. Stern*, 560 F.2d 477 (1st Cir. 1977), *cert denied*, 434 U.S. 1034, 98 S.Ct. 768, 54 L.Ed.2d 782 (1978). *See also Pieffer v. Lebanon School Dist.*, 848 F.2d 44, 45[1] (3rd Cir.1988). Point denied.

■ Turning to Teacher's second point, we need not decide whether Teacher "waived" his right to a continuance because the Board did not abuse its discretion. On review of the grant or denial of a continuance, we give tremendous discretion to the decision of the tribunal, and such decision will not be set aside absent a showing of abuse of discretion. *Becker v. Dept. of Corr. & Human Serv.*, 780 S.W.2d 72, 78[8] (Mo.App.1989); *Shelton v. Missouri Baptist Foundation*, 573 S.W.2d 121, 124[1] (Mo.App.1978).

At the time of his August 29, 1991 hearing, Teacher had been granted two continuances and had agreed to August 29, 1991 for the hearing date. On that day, he again requested a continuance, asking that proceedings be postponed until the criminal proceedings were concluded. Although Teacher's attorney stated criminal proceedings were set to commence September 16, 1991, the record contains no estimation of how long those proceedings could last.

■ Continuances which might produce extended delays need not be granted. *See Kordel*, 397 U.S. at 11[8], 90 S.Ct. at 769[8], 25 L.Ed.2d at 10[10]; *Rosenberg v. Bd. of Educ. of Sch. Dist. #1*, 710 P.2d 1095 (Colo.1986). The administration's attorney stated the matter needed to be concluded before school began and that Teacher's attorney had given him repeated assurances it would be heard in August. Considering this, the possibility of extended delay, and the delays which had occurred already, we find no abuse of discretion. Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.