908 P.2d 4

**Winfield CHADWICK, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, in and for the COUNTY OF MARICOPA, the Honorable Jeffrey S. Cates, a judge thereof, Respondent Judge,**

**The GOVERNING BOARD OF TEMPE ELEMENTARY SCHOOL DISTRICT NO. 3; Dr. Margaret E. Cawley, President and Member in her Official Capacity; Mr. Robert P. Muller, Clerk and Member in his Official Capacity; Mrs. Marilyn Glenny, Member in her Official Capacity; Mr. John Imbornoni, Member in his Official Capacity; Ms. Linda Madryk, Member in her Official Capacity, Respondents–Real Parties in Interest.**

No. 1 CA–SA 95–0100.

Court of Appeals of Arizona, Division 1, Department D.

July 25, 1995.

Reconsideration Denied Aug. 17, 1995.

Review Denied Dec. 19, 1995.

---

Hobson & Ringler by William R. Hobson, Tempe, for petitioner.

James A. Ullman, P.C. by James A. Ullman, Phoenix, for real parties in interest.

## OPINION

NOYES, Judge.

At all times relevant to this special action, Winfield Chadwick ("Petitioner") was a school teacher pending criminal trial on charges of sexual conduct with a former student, and he was also pending a dismissal hearing by the Tempe Elementary School District Governing Board ("Board"). Petitioner filed this special action after both the Board and the trial court denied his request that the dismissal hearing be stayed pending resolution of the criminal case. We accepted jurisdiction of this special action because the issue has statewide importance and no Arizona precedent.

Finding no abuse of discretion by the Board and no error by the trial court, we previously vacated an interlocutory stay and denied relief, with this opinion to follow. We have jurisdiction pursuant to Ariz.Rev.Stat. Ann. ("A.R.S.") section 12–120.21(A)(4)(1992).

## I

On January 31, 1995, a Maricopa County grand jury indicted Petitioner on six counts of sexual conduct with a minor, one count of sexual abuse, and one count of child molestation. The allegations involved one victim and conduct that occurred about five years ago when she was one of Petitioner's students.

On February 23, 1995, after conducting its own investigation, the Tempe Elementary School District No. 3 ("District") sent Petitioner a Notice of Statement of Charges and Intention to Dismiss him from his teaching position. The Statement of Charges cited numerous incidents of Petitioner's alleged violation of district ethical standards, staff conduct rules, and employment contract duties. In general, Petitioner was alleged to have cultivated inappropriate personal and sexual relationships with three female students, including the victim in the criminal case. The Notice advised Petitioner that he had a right to a dismissal hearing before the Board, and that he was on administrative leave with pay for thirty days or until conclusion of the hearing.

Petitioner requested that the Board stay the dismissal hearing until conclusion of the criminal case. When the Board refused to do so, Petitioner filed a Petition for Special Action and Application for Temporary Restraining Order/Preliminary Injunction in the trial court.

With its response to the special action, the Board filed an affidavit from the District's superintendent advising that she was responsible for presenting the charges to the Board

and that these charges did not include allegations of insubordination for Petitioner's refusal to answer questions during the administrative investigation. In this affidavit, the superintendent also swore that she would not seek to have Petitioner punished for refusing to answer questions during the investigation, that she would not seek to have Petitioner "punished, penalized, or otherwise sanctioned for not testifying during his administrative hearing," and that she would not use his silence as evidence of guilt or argue that the Board should consider his silence as evidence of guilt.

In denying relief, the trial court's minute entry provided a discussion and analysis with which we agree:

Plaintiff's position is that he is being placed on the "horns of a dilemma" by either sacrificing his employment (by invoking his Fifth Amendment right against self-incrimination at the administrative hearing) or contesting the charges at the hearing (by waiving his rights under the Fifth Amendment). Plaintiff asks that he be put on administrative leave, with pay, and that the administrative proceeding before the Governing Board be stayed until the criminal case is completed.

A.R.S. § 15–549 is permissive, and does not require the Governing Board to place Plaintiff on leave pending resolution of the criminal charges.

The case of *Wohlstrom v. Buchanan* [, 180 Ariz. 389, 884 P.2d 687 (1994) ], cited by Plaintiff, makes clear that invoking the privilege must be the sole reason for the loss. *Wohlstrom* involved a forfeiture proceeding pursuant to A.R.S. § 13–4301 to 13–4315. That statutory scheme requires a claim be "signed by the claimant under penalty of perjury," and set forth the nature and extent of the claimant's interest in the property; and the time, transferor and circumstances of the claimant's acquisition of the interest in the property. The claimant in that case failed to file a proper claim, contending that to do so would violate his rights under the Fifth Amendment. The claim, therefore, was struck by the trial court for non-compliance with the statute.

*Wohlstrom* does not support Plaintiff's position, as the claimant was effectively denied the ability to intervene in the forfeiture proceedings, by invoking his rights under the Fifth Amendment. Striking the claim was tantamount to a sanction for invoking the right against self-incrimination. Winfield Chadwick is not being required to testify at the administrative hearing; and will not be sanctioned for failing to testify during the administrative process.

The Governing Board's Response and Opposition to Special Action Relief cites a number of cases from other jurisdictions involving this very issue, all of which support the Board's position that the administrative hearing need not be stayed pending the criminal charges.

The District Governing Board has legitimate reasons why it does not want to wait: salary considerations; and uncertainty of personnel staffing for the upcoming fiscal school year. To wait until after the criminal case is completed could extend the administrative hearing into the year 1996. [Footnote omitted.]

The role of this court is not to balance the equities, or fashion a compromise, but to decide whether the Governing Board abused its discretion in denying Plaintiff's request that it place Mr. Chadwick on paid leave until the criminal case is completed (or at least, the case tried and a verdict rendered).

Finding there was no abuse of discretion on the part of the Governing Board; and that Plaintiff has no enforceable right, which warrants this court entering injunctive relief at this time,

IT IS ORDERED denying Plaintiff's Petition for Special Action.

## II

■ Dismissal of a certificated teacher is regulated by statute. If the proposed dismissal is based on administrative charges that will be adjudicated by the Board, the applicable statute is A.R.S. section 15–540

(1991).[1] If the proposed dismissal is based on criminal charges that will be adjudicated in court, the applicable statute is A.R.S. section 15–549 (1991).[2]

The Board argues that section 15–549 vests it with the discretion to place a teacher on paid leave pending resolution of a criminal case but does not require that it do so. Petitioner argues that his Fifth Amendment privilege entitles him to a stay of the dismissal hearing pending resolution of the criminal case. No Arizona case has addressed the precise issue, but many other courts have done so and, for reasons we find persuasive, those courts have consistently rejected arguments similar to Petitioner's.[3]

Petitioner relies upon cases that must be distinguished because they involved an automatic penalty for invocation of the Fifth Amendment privilege.[4] In Petitioner's case,

1. A.R.S. section 15–540 provides:

   A. Upon a written statement of charges adopted by the governing board charging a certificated teacher of the school district with cause for suspension without pay or dismissal, the governing board may immediately place the teacher on administrative leave of absence and give him notice of the administrative leave of absence.

   B. The notice of administrative leave of absence shall be in writing and be served upon the teacher personally or by United States registered mail addressed to the teacher at his last known address.

   C. Any teacher who is placed on administrative leave of absence pursuant to this section shall continue to be paid regular salary during the period of administrative leave of absence.

2. A.R.S. section 15–549 provides:

   A. If any certificated teacher is charged by criminal complaint, information or indictment with any criminal offense which would be deemed cause for dismissal, the governing board may immediately place the teacher on compulsory leave of absence for a period of time extending for not more than ten days after the date of entry of the judgment in the proceedings.

   B. Any teacher placed upon compulsory leave of absence pursuant to this section shall continue to be paid regular salary during the period of compulsory leave of absence.

3. *E.g., United States v. Kordel*, 397 U.S. 1, 11, 90 S.Ct. 763, 769, 25 L.Ed.2d 1 (1970) (In parallel civil and criminal proceedings against corporation, "it would stultify enforcement of federal law to require a governmental agency ... to choose either to forgo recommendation of a criminal prosecution once it seeks civil relief, or to defer civil proceedings pending the ultimate outcome of a criminal trial.");

   *United States v. Rilliet*, 595 F.2d 1138, 1140 (9th Cir.1979) (defendant's silence at federal probation revocation hearing to prevent statements made there from being used against him in a parallel criminal proceeding did not deprive him of any constitutional right because refusal to waive the Fifth Amendment privilege did not automatically result in imposition of sanctions);

   *De Vita v. Sills*, 422 F.2d 1172, 1179 (3d Cir. 1970) (where attorney/plaintiff's failure to testify was not ground for disbarment or forfeiture of office, he had no constitutional right to be relieved of the burden of the choice between asserting or waiving the Fifth Amendment privilege against self-incrimination in a disciplinary proceeding);

   *Rosenberg v. Board of Ed. of Sch. Dist. No. 1*, 710 P.2d 1095, 1101 n. 11 (Colo.1985) ("There is no right to a continuance of administrative proceedings pending the outcome of parallel criminal proceedings.");

   *Sternberg v. State Bar of Michigan*, 384 Mich. 588, 185 N.W.2d 395, 397 (1971) (Despite attorney's contention that if he testified at his disciplinary proceeding, the testimony could be used against him in a criminal proceeding, and that if he did not testify, the evidence against him would probably result in a finding against him, "[n]o case has extended the protection against self-incrimination [that] far.");

   *Lang v. Lee*, 639 S.W.2d 111, 112 (Mo.App. 1982) ("The loss of ˙opportunity to testify in [one's] own defense in a civil hearing is not protected by the Fifth Amendment when such hearing does not involve a requirement to answer questions or lose employment ...").

4. *E.g., Garrity v. New Jersey*, 385 U.S. 493, 497, 87 S.Ct. 616, 618–19, 17 L.Ed.2d 562 (1967) ("The choice given petitioners [police officers being investigated for fixing traffic tickets] was either to forfeit their jobs or to incriminate themselves.");

   *Slochower v. Board of Higher Ed. of City of New York*, 350 U.S. 551, 555, 76 S.Ct. 637, 639–40, 100 L.Ed. 692 (1956) (holding that discharge of teacher based solely on invocation of Fifth Amendment rights unconstitutional);

   *Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084, 1088 (5th Cir.1979) (holding that "[w]hen the district court ordered [plaintiff] to answer CBS' questions or suffer dismissal, it forced plaintiff to choose between his silence and his lawsuit.");

   *Campbell v. Gerrans*, 592 F.2d 1054, 1055 (9th Cir.1979) (reversing dismissal of lawsuit that had been granted because plaintiffs had invoked the Fifth Amendment and refused to answer certain interrogatories);

   *Wohlstrom v. Buchanan*, 180 Ariz. 389, 391, 884 P.2d 687, 689 (1994) (holding that automatic

the penalty factor was removed by the District's assurances, and the Board's adoption of those assurances, that Petitioner's silence during administrative investigation or hearing would not be held against him. We therefore have the same situation here as in *Lang:*

> [t]he present case does not bear any factual resemblance to *Garrity [v. State of New Jersey,* 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967) ] ... because Lang's permanent teacher status could not be terminated on the ground that he did not testify at his termination hearing. Rather, in this case, the Board was required to have competent and substantial evidence presented to prove the charges against him upon which to base a termination of Lang's teacher status.

639 S.W.2d at 113.

■ Petitioner does find support in *Ott v. Board of Education of the Township of Hamilton,* 160 N.J.Super. 333, 389 A.2d 1001 (App.Div.1978), which granted a stay to a teacher who was suspended because of his arrest on drug charges. We find *Ott* distinguishable because of differences in the statutes (which allowed Ott to be suspended without pay),[5] and the analysis (a stay was ordered, "not because of the violation of any constitutional or fundamental rights but simply as an equitable solution to an intolerable situation," *id.* 389 A.2d at 1005). We agree with the trial court in Petitioner's case that the court's role under the Arizona statutes was not to balance the equities; it was to determine whether the Board abused its discretion and whether Petitioner's constitutional rights were violated. *See Fulton v. Dysart Unified Sch. Dist. No. 89,* 133 Ariz. 314, 318, 651 P.2d 369, 373 (App.1982) (trial court may not determine matters de novo and is limited to review for abuse of discretion). *See also Clark v. Wentzville R–IV Sch. Dist.,* 848 S.W.2d 608, 609 (Mo.App.1993) ("Continuances which might produce extended delays need not be granted.").

We find no abuse of discretion by the Board and no error by the trial court. Petitioner's request for relief is denied, as is Respondents' request for attorneys' fees and costs.

VOSS and GRANT, JJ., concur.

---

sanctions for invoking the privilege against self-incrimination are an unconstitutional penalty and emphasizing that such a penalty violates the Fifth Amendment if it is the "sole reason for the loss.").

5. At one point, Petitioner agreed to be suspended without pay; but the Board had no authority to do that. A.R.S. sections 15–540(C) (1991) and 15–549(B) (1991) both provide that the teacher "shall continue to be paid regular salary" during the suspension.