*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LUTRICA THOMPKINS,

        Plaintiff-Appellant,

v

GENE ZAMLER and ROBERT EDICK,

        Defendants-Appellees.

UNPUBLISHED
March 19, 2020

No. 345138
Wayne Circuit Court
LC No. 17-015454-CZ

Before: M. J. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition to defendant, Gene Zamler (Zamler). Plaintiff's issues on appeal also concern an order granting summary disposition to defendant, Robert Edick (Edick). We affirm.

## I. FACTUAL BACKGROUND

This action arises from defendant Zamler's representation of plaintiff in an underlying negligence lawsuit. In August 2007, plaintiff was bitten by a dog owned by two of her neighbors. Plaintiff filed a lawsuit against her neighbors and hired Zamler to represent her. Plaintiff gave Zamler's law firm permission to negotiate a settlement on her behalf. The case was settled for $12,500. Plaintiff appealed in that case and argued that (1) the settlement agreement was unenforceable, and (2) Zamler committed legal malpractice by accepting the settlement offer. Plaintiff explained that attorney Ronald Weiner, who worked with Zamler, told plaintiff that she was entitled to receive $100,000, not $12,500. The maximum cap that her neighbors' insurer was willing to pay to cover plaintiff's injuries was $100,000, and plaintiff contended that she was told she would receive the full amount. This Court disagreed, and affirmed the settlement order.[1]

---

[1] *Thompkins v Brown*, unpublished per curiam opinion of the Court of Appeals, entered August 14, 2014 (Docket No. 313554).

In August 2016, plaintiff filed a legal malpractice complaint against Zamler with the Michigan Attorney Grievance Commission (AGC). The AGC found no legal malpractice and closed the complaint in November 2016. In October 2017, plaintiff filed a separate legal malpractice lawsuit against Zamler and Edick, who is the deputy administrator of the AGC. Zamler and Edick filed separate motions for summary disposition, which were granted by the trial court. The trial court reasoned that plaintiff could not raise issues related to Zamler's alleged legal malpractice because the statute of limitations for legal malpractice claims had run, and further reasoned that the trial court lacked subject-matter jurisdiction to review the actions of the AGC. This appeal followed.

## II. PLAINTIFF'S BRIEF ON APPEAL

Preliminarily, this Court notes that plaintiff is proceeding *in propria persona* in this appeal. Plaintiff filed a brief on appeal listing 27 questions for this Court's review. However, the questions listed do not raise legal issues for this Court's review; rather, plaintiff poses a series of factual questions to Zamler, Weiner, and another attorney named Randolph Phifer. Similar factual questions are directed to Edick, as well as to Judge Amy Patricia Hathaway, who presided over the settlement proceedings. These questions cannot be understood to be concise legal questions as required by MCR 7.212(C)(5), which states that appellate briefs must contain "[a] statement of questions involved, stating concisely and without repetition the questions involved in the appeal."

Plaintiff's brief on appeal is fatally deficient. Plaintiff has failed to present meaningful legal arguments, and has further failed to cite to relevant legal authority or provide factual support for the claims presented in her brief on appeal. "[A] person acting *in propria persona* should be held to the same standards as members of the bar." *Totman v Sch Dist of Royal Oak*, 135 Mich App 121, 126; 352 NW2d 364 (1984). By failing to state legal questions, present legal arguments, or cite to relevant supporting authority, plaintiff has effectively abandoned and waived her claims of error. See *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) (stating that "[a]n appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims . . . ."); *River Investment Group, LLC v Casab*, 289 Mich App 353, 360; 797 NW2d 1 (2010) (stating that plaintiff's issues were waived for "fail[ure] to state [the issues] in the statement of questions presented in its brief on appeal."). Regardless, to the extent that this Court can discern the general nature of the issues that plaintiff has brought before this Court, we have elected to address plaintiff's issues on appeal herein.

## III. LEGAL MALPRACTICE

Plaintiff argues that Zamler committed legal malpractice by accepting a settlement offer on her behalf, and further contends that the AGC improperly denied her claim of legal malpractice against Zamler. We disagree, and conclude that (1) the statute of limitations for legal malpractice claims has run, and (2) this Court lacks subject-matter jurisdiction to review the AGC's ruling.

This Court reviews the grant or denial of a motion for summary disposition de novo. *Value, Inc v Dep't of Treasury*, 320 Mich App 571, 576; 907 NW2d 872 (2017). Zamler moved for summary disposition under MCR 2.116(C)(2), (8) and (10). However, the trial court did not specify whether the motion for summary disposition was granted under MCR 2.116(C)(2), (8), or (10). In these circumstances,

[w]here the record is unclear with regard to which section of MCR 2.116 the trial court based its ruling, and both the defendant and the trial court relied on documentary evidence beyond the pleadings in support of the defendant's motion for summary disposition, this Court must construe the defendant's motion as being granted pursuant to MCR 2.116(C)(10). [*Krass v Tri-County Security, Inc*, 233 Mich App 661, 664-665; 593 NW2d 578 (1999).]

The trial court considered documents outside of the pleadings when making a ruling regarding Zamler's motion for summary disposition. "A motion under MCR 2.116(C)(10) tests the factual support for a claim and should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anzaldua v Neogen Corp*, 292 Mich App 626, 630; 808 NW2d 804 (2011). A genuine issue of material fact " 'exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.' " *Cox v Hartman*, 322 Mich App 292, 299; 911 NW2d 219 (2017) (citation omitted).

Plaintiff first contends that Zamler committed legal malpractice by accepting a settlement offer of $12,500 on her behalf. The trial court granted summary disposition to Zamler, finding that the statute of limitations for legal malpractice claims had run. The governing statute of limitations for legal malpractice claims states that "the period of limitations is 2 years for an action charging malpractice." MCL 600.5805(8). Alternatively, under MCL 600.5838(2), a legal malpractice action can be commenced "within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later," if it is shown that "plaintiff neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim." In order for the six-month rule to apply, "the plaintiff has the burden of proving that the plaintiff neither discovered nor should have discovered the existence of the claim . . . ." MCL 600.5838(2).

Zamler presented evidence to the trial court that he last represented plaintiff on July 9, 2012, and plaintiff did not dispute this fact. Plaintiff's legal malpractice action was commenced on October 24, 2017, more than five years after Zamler last represented plaintiff. Thus, plaintiff failed to properly file her legal malpractice claim within two years of the date that Zamler last represented her in accordance with MCL 600.5805(8). Further, there is no evidence that plaintiff was unaware of Zamler's alleged legal malpractice. After the trial court entered an order for settlement and dismissal, plaintiff filed a claim of appeal in which she accused Zamler of legal malpractice. This claim of appeal was filed June 7, 2012. Plaintiff's first appeal was dismissed due to lack of jurisdiction because the claim of appeal was not filed within 21 days of the entry of the order from which she appealed.[2] Nevertheless, the existence of this first appeal suggests that plaintiff was aware of Zamler's alleged legal malpractice as early as June 2012. Therefore, there is no evidence that the six-month rule stated in MCL 600.5838(2) applies.

Moreover, even if the statute of limitations did not bar plaintiff's legal malpractice claims, plaintiff has not presented evidence demonstrating that Zamler committed legal malpractice by

---

[2] *Thompkins v Brown*, unpublished order of the Court of Appeals, entered August 1, 2012 (Docket No. 310765).

accepting a settlement offer on plaintiff's behalf. Generally, "[a]n attorney has the apparent authority to settle a lawsuit on behalf of his or her client." *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 453; 733 NW2d 766 (2006) (citation omitted). Further, "this Court has stated that an attorney's representation of a client generally continues until the attorney is relieved of that obligation by the client or the court." *Kloian v Schwartz*, 272 Mich App 232, 237; 725 NW2d 671 (2006). When a party hires an attorney and holds the attorney out as counsel, "the client clothes the attorney with apparent authority to settle claims connected with the matter." *Nelson v Consumers Power Co*, 198 Mich App 82, 89-90; 497 NW2d 205 (1993) (citations omitted). Indeed, "a third party who reaches a settlement agreement with an attorney employed to represent his client in regard to the settled claim is generally entitled to enforcement of the settlement agreement even if the attorney was acting contrary to the client's express instructions." *Id*.

Zamler was held out as counsel for plaintiff and had apparent authority to settle claims connected with the underlying negligence claim, including accepting a settlement offer on plaintiff's behalf. Plaintiff has presented no evidence to show that she expressly told Zamler not to accept the $12,500 settlement offer on her behalf or that she was otherwise uninformed about Zamler's actions. Instead, plaintiff's arguments regarding Zamler's acceptance of the $12,500 settlement offer reflect a misunderstanding of the nature of the $100,000 maximum insurance cap and the actual amount of damages available to her. Although the Browns' insurance company may have been willing to pay a maximum of $100,000 to cover plaintiff's damages, plaintiff was never guaranteed to receive $100,000 in damages, nor does it appear that Zamler or his associates ever promised plaintiff a six-digit settlement. Thus, plaintiff's argument that Zamler committed legal malpractice lacks merit.

Plaintiff also argues that the AGC improperly denied her legal malpractice claims. This Court cannot address plaintiff's claims regarding the actions of the AGC because it does not have jurisdiction to do so. The only Michigan court with subject-matter jurisdiction to review decisions of the AGC is our Supreme Court, which has held that, "[u]nder the new State Bar disciplinary procedure, there is no role for the circuit courts or for the Court of Appeals." *Sternberg v State Bar of Mich*, 384 Mich 588, 593; 185 NW2d 395 (1971); see also *Grievance Administrator, Attorney Grievance Comm v Oeming*, 151 Mich App 575, 576-577; 391 NW2d 756 (1986) (holding that the circuit courts and this Court lacked subject-matter jurisdiction to review claims regarding disciplinary actions of the AGC). Thus, this Court need not address the portions of plaintiff's claim pertaining to the AGC's rejection of plaintiff's legal malpractice claim.

## IV. ENFORCEMENT OF SETTLEMENT AGREEMENT

Plaintiff argues that the trial court abused its discretion by enforcing the settlement agreement. We disagree, and note that this Court previously ruled on this issue.

To preserve an issue for review, the issue must be raised before, addressed, and decided by the trial court. *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). Below, plaintiff did not argue that the trial court abused its discretion by enforcing the settlement agreement; rather, her arguments were limited to claims regarding Zamler's alleged legal malpractice and the actions of the AGC. The issue was not raised, addressed, or decided by the trial court, and it is not preserved for review. Accordingly, this Court's review is for plain error affecting plaintiff's substantial rights. *Total Armored Car Serv, Inc v Dep't of Treasury*, 325

Mich App 403, 412; 926 NW2d 276 (2018). To establish the entitlement to relief on the basis of plain error, plaintiff " 'must show (1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected [his] substantial rights.' " *Id*. (citation omitted). The third prong requires a showing of prejudice, namely, that the error affected the outcome of the proceedings. *Id*.

In *Thompkins v Brown*, unpublished per curiam opinion of the Court of Appeals, entered August 14, 2014 (Docket No. 313554), this Court addressed whether the settlement agreement involving plaintiff's underlying claim of negligence was validly enforced by the trial court. This Court noted that, in general, "[t]he finding of the trial court concerning the validity of the parties' consent to a settlement agreement will not be overturned absent a finding of an abuse of discretion." *Thompkins*, unpub op at 1 n 1 (quotation marks and citation omitted). This Court agreed with the trial court that the settlement agreement was binding and enforceable because it conformed with MCR 2.507(G),[3] which governs settlement agreements. *Id*. at 2. This Court concluded:

> [P]laintiff's counsel acted on her behalf, the settlement agreement was made in open court, and defendants relied on the apparent authority of plaintiff's counsel to make the settlement agreement. Thus, the settlement is binding and enforceable, and the trial court did not abuse its discretion. [*Id*. at 2.]

Under the law of the case doctrine, "a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue." *New Props, Inc v George D Newpower, Jr, Inc*, 282 Mich App 120, 132; 762 NW2d 178 (2009) (quotation marks and citation omitted). The law of the case doctrine applies "to issues actually decided, either implicitly or explicitly, in the prior appeal." *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000). Thus, because this Court has already ruled that the trial court did not abuse its discretion by enforcing the settlement agreement, plaintiff cannot raise the issue a second time in this appeal.

Finally, plaintiff's argument also suggests that Judge Hathaway either expressed judicial bias in favor of Zamler and Edick, or engaged in judicial misconduct while presiding over the trial court proceedings. However, plaintiff has never made a claim of judicial bias against Judge Hathaway. A mandatory procedure exists for requesting the disqualification of a judge. See MCR 2.003. Plaintiff failed to comply with the procedure set forth in MCR 2.003. Accordingly, plaintiff has waived the issue on appeal. See *Law Offices of Lawrence J Stockler, PC v Rose*, 174 Mich App 14, 23; 436 NW2d 70 (1989) (stating that failure to pursue the remedy provided by MCR 2.003(C) results in waiver of the claim for disqualification.). Further, plaintiff never formally accused Judge Hathaway of judicial misconduct, and this Court would have no jurisdiction to

---

[3] MCR 2.507(G) states:

> An agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

remove or discipline Judge Hathaway even if plaintiff had raised the issue on appeal. See *In re Morrow*, 496 Mich 291, 298; 854 NW2d 89 (2014) ("Judicial tenure cases come to this Court on recommendation of the [Judicial Tenure Commission], but the authority to discipline judicial officers rests solely in the Michigan Supreme Court."). Accordingly, plaintiff's claim must fail.

Affirmed.

/s/ Michael J. Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello